IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MARIA CHARLOTTE PRUITT, #221168,)
)
      Plaintiff,            )
)
v.                         )     CIVIL ACTION NO. 2:15-CV-360-MHT
)
ALABAMA DEPARTMENT OF     )
CORRECTIONS, *et al.*,        )
)
      Defendants.       )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause of action is pending before the court on a 42 U.S.C. § 1983 complaint

filed by Maria Charlotte Pruitt ("Pruitt"), an indigent state inmate presently incarcerated

at the Montgomery Women's Pre-Release Facility.  In the instant complaint, Pruitt alleges

that since March of this year Officer Bradley has "talked to [her] in a threatening manner."

*Compl. - Doc. No. 1* at 3.

Upon review of the complaint, the court concludes that this case is due to be

summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II.  DISCUSSION

Pruitt complains that Officer Bradley routinely speaks to her "in a threatening

manner."  *Compl. - Doc. No. 1* at 3.  This claim provides no basis for relief.

---

[1] The court granted Pruitt leave to proceed *in forma pauperis* in this cause of action.  *Order of May 28, 2015 - Doc. No. 3.*  A prisoner allowed to proceed *in forma pauperis* will have her complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which allow summary dismissal if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, and/or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

To state a viable claim for relief in a 42 U.S.C.§ 1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. *Am. Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. Univ. Health Serv., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Derogatory, demeaning, profane, threatening or abusive comments made by an officer to an inmate, no matter how repugnant or unprofessional, do not rise to the level of a constitutional violation and, therefore, provide no basis for relief in a § 1983 action. *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (mere verbal taunts or threats, despite their distressing nature, directed at an inmate by jailers do not violate the inmate's constitutional rights); *Ayala v. Terhune*, 195 F. App'x 87, 92 (3d Cir. 2006) ("[A]llegations of verbal abuse, no matter how deplorable, do not present actionable claims under § 1983."); *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts . . . resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Sims v. Hickok*, 185 F.3d 875 (10th Cir. 1999) (district court's summary dismissal of inmate's complaint for failure to state a claim appropriate because officer's insults and racial slurs did not amount to a constitutional violation); *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (verbal abuse alone is not violative of the Eighth Amendment); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) ("alleged verbal threats by jail officials . . . did not rise to the level of a constitutional violation."); *Gaul v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (Eighth Amendment

trivialized by assertion that mere threat constitutes a constitutional wrong); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (mere name-calling did not violate inmate's constitutional rights); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (verbal abuse, including threat of harm, not actionable under § 1983).  In light of the foregoing, it is clear that Pruitt's challenge to the "threatening manner" in which Officer Bradley addresses her is not a cognizable claim and, thus, this case is due to be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 11, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

  Done this 28th day of May, 2015.

        /s/ Wallace Capel, Jr.
        WALLACE CAPEL, JR.
        UNITED STATES MAGISTRATE JUDGE